FRANCIS PALARDY
900 SE Park Crest Ave K133
Vancouver, WA 98683

FILED 8 MAY '18 15:10 USDC-ORP

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
### PORTLAND DIVISION

| | |
|---|---|
| FRANCIS PALARDY, | Case 3'18 CV 0802- MO |
| Plaintiff, | COMPLAINT FOR DISCRIMINATION |
| vs. | (ADA Violations, Disability Discrimination in Employment, 42 U.S. Code § 12112, ORS § 659A.112) |
| COGNIZANT TECHNOLOGY SOLUTIONS CORP. | |
| Defendant. | Claim over $10,000: amount pleaded: $200,000. |

## NATURE OF ACTION

1.   This action is for compensatory damages under Title I of the Americans with Disabilities Act of 1990, as amended (ADA), and a pendent state claim under ORS § 659A to remedy unlawful employment practices on the basis of (1) disability and (2) failure to accommodate.

2.   Plaintiff filed a charge of employment discrimination with the EEOC.

3.   Plaintiff received a Notice of Right to Sue for civil action regarding claims presented to the EEOC. Plaintiff has filed this Complaint within the time allowed in the Notice of Right to Sue authorizing him to bring this action.

## BASIS FOR JURISDICTION

4.   This court has subject matter jurisdiction over federal law claims pursuant to 28 U.S.C. § 1331. Civil action is authorized pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 as Amended, at USC § 12117(a), Section 706(f) of the Civil Rights Act of 1964, at 42 USC § 2000e-5(f), and pursuant to Section 102 of the Civil Rights Act of 1991.

5.   Venue is appropriate in Portland, Oregon, because the employment position considered for the Plaintiff by the Defendant was in Beaverton, Oregon. (28 USC 1391). Defendant Cognizant is a New Jersey corporation, registered to do business in Oregon.

6.   Plaintiff Francis Palardy is a citizen of the United States of America. Plaintiff is a resident of Vancouver, Washington. Federal court complies with Diversity of Citizenship 28 § U.S.C. 1332.

#78017

GENERAL FACTUAL ALLEGATIONS

7.  Plaintiff was contacted by an employment agent regarding a position for Java programming and AWS administration with the defendant. The position was for W2 at a rate of $45-50 an hour. The agent filled out an application with the Defendant and also passed along his resume.

8.  Defendant Cognizant provides employees to so many major corporations and government agencies in the United States that virtually all businesses and government agencies rely on their services through one of their clients.

9.  Plaintiff has a Masters degree in Computer Science, certificates in Java Programming and Amazon Web Services (AWS) administration. Plaintiff has more than ten years experience in Java programming and Amazon Web Services. Java is owned by Oracle, a Cognizant client. Amazon is also a Cognizant client.

10. On Feb 7, 2017 Defendant Cognizant contacted the Plaintiff through email, requesting an interview via Skype. Skype, owned by Microsoft Corporation (a client of Cognizant), is used for video chat or international phone calls. Defendant also phoned Plaintiff and left a message. Plaintiff had trouble understanding the message.

11. Plaintiff has a hearing loss, such that he relies on a cochlear implant. Plaintiff is capable of using a phone, but speaking with unknown foreign individuals overseas is difficult. Plaintiff has worked with foreign individuals in person in the technology field in the past. People with hearing loss have held key technology positions in recent years, including CEO of Intel Corp.

12. Plaintiff was weary of using Skype, especially for international phone calls. The connections are not as good as a normal phone. Video chat can provide an opportunity to read lips, but it can suffer delays, especially in long distance.

13. Plaintiff responded to Cognizant's email of Feb 7, 2017 notifying Defendant that Plaintiff has a hearing loss. Plaintiff asked if he could have an accommodation. Plaintiff asked if he could interview in person.

14. Plaintiff did multiple interviews with Nike Inc. in 2016 and 2017. Nike did allow Plaintiff to come in person for interviews in Beaverton, Oregon, so he believed Cognizant should be able to provide this option. Cognizant also has employees at Intel in Hillsboro, Oregon that could interview Plaintiff.

15. Defendant did not respond to Plaintiff's request for accommodation. Defendant Cognizant's system did not provide any way to ask for ADA accommodations. Plaintiff emailed the agent explaining his disability, hearing loss, and that he needed accommodation for the interview. The agent stated that he spoke with Defendant and that they would contact Plaintiff again.

16. Defendant sent the same form email asking for a Skype interview, again not offering any accommodations. Plaintiff again emailed that he needed accommodation but Plaintiff never received a response.

PAGE 2 - COMPLAINT FOR DISCRIMINATION

17.   Plaintiff had previous experience with Infosys Limited, a long term rival of Defendant Cognizant. Infosys also contacted Plaintiff about a position at Nike Inc., and insisted on a Skype interview. When Plaintiff told Infosys about his hearing loss he was informed that Infosys could not hire him because "you would need to talk to people in India all day".

18.   Plaintiff believes Defendant Cognizant functions in the same way as Infosys, because they have the same business model. Seventy percent of Cognizant's employees are in India, where costs are cheaper. A person with a hearing loss could have trouble handling foreign accents over the phone, even though the work being done is actually in Oregon.

## CLAIM FOR RELIEF

20.   Defendant Cognizant is a covered entity under the ADA.

21.   Defendant Cognizant discriminated against Plaintiff by not providing accommodations for his disability, hearing loss. Defendant Cognizant's conduct violated the Disabilities Act of 1990 as amended, ORS § 659A.112 and ORS § 659A.805.

22.   As a result of Defendant Cognizant's unlawful employment actions, Plaintiff suffered economic damages including back pay, front pay, lost benefits and other expenses. Employment under W2 at $45-50 an hour is roughly $100,000 a year.

23.   Plaintiff is entitled to compensation, including back pay and forward pay. Defendant has stated its intent to hire more American employees since the USCIS has made it difficult to bring over H1b workers. Plaintiff is willing to accept employment with Defendant instead of forward pay.

24.   Plaintiff is entitled to recover Plaintiff's reasonable attorney fees and costs, including witness fees, pursuant to ORS § 659A and ORS § 20.107.

25.   Plaintiff is entitled to post-judgment interest on all damages, expenses and fees from the date of judgment until the date paid.

## PRAYER FOR RELIEF

Plaintiff prays for the following judgment against the Defendant:

(a).   A sum which will fully compensate Plaintiff for Plaintiff's economic damages, here alleged to be not more than $200,000.

(b).   Plaintiff's attorney fees and costs.

(c).   For such other and further relief as the Court may deem just and equitable.

Dated: May 8, 2018

5/8/18

Francis Palardy

PAGE 3 - COMPLAINT FOR DISCRIMINATION